## Mack v. Mack

*Frederick C. Luther,* for plaintiff.
*John Kocsis,* for defendant.

MOTT, *J.,* April 19, 1991—

## HISTORY

A complaint in divorce was filed by plaintiff against defendant in this court on January 4, 1991. The complaint seeks not only divorce, but also support, division of property, temporary alimony, costs, custody and visitation, alimony and attorney fees. Defendant raised as a preliminary objection this court's jurisdiction to hear the matters of spousal and child support due to defendant's residence in the State of Kansas. Argument was heard on March 20, 1991, and the court now believes this matter to be ripe for disposition.

## DISCUSSION

Defendant contends that in a case such as this, the court is vested with jurisdiction over matters of support only pursuant to 23 Pa.C.S. §4510, the Revised Uniform Reciprocal Enforcement of Support Act. RURESA is properly used to obtain an order of support when personal jurisdiction cannot be obtained over the defendant in the Commonwealth.

Although defendant's citation of RURESA is unquestionably accurate, there is nothing in the language of RURESA, 23 Pa.C.S. §4501 et. seq., to indicate that it is the exclusive means of collecting and administering support. In fact, the more pertinent cite for the matter at hand is 23 P.S. §301, the jurisdictional statute for divorce actions. More specifically, 23 P.S. §301(a)(1) and (3) read as follows:

"(a) The courts of this Commonwealth as defined in section 104 shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and, where they have jurisdiction, shall determine in conjunction with any decree granting a divorce or annulment the following matters, where

raised in the pleadings and issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

"(1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, postnuptial, or separation agreement and including the partition of property held as tenants by the entireties or otherwise and any accounting between them, and the order of any spousal support, alimony, alimony pendente lite, counsel fees, or costs authorized by law. . ..

"(3) Any support or assistance which shall be paid for the benefit of any children of such marriage or purported marriage."

Defendant has the following contacts in Pennsylvania: He was a taxpaying resident until September 1990; he was married in Pennsylvania; he receives workers' compensation from a Pennsylvania workers' compensation award; he owns a house in Sayre, Bradford County, Pennsylvania; he owns a rented trailer in Bradford County, Pennsylvania; his minor daughter was born, raised and presently resides in Pennsylvania. What the court finds peculiar, in light of defendant's contacts with Pennsylvania and the fact that the lack of personal jurisdiction is a waivable defect, is defendant's admission at argument that the court has jurisdiction to hear all aspects of this case except for the claims for spousal and child support. Given that it is admitted that it has jurisdiction to hear the other claims, the court can find no reason why it should not exercise jurisdiction over the support matters as well. Likewise, the court can think of no other situation where a court has personal jurisdiction over a party for one aspect of a case, but not another. Once personal jurisdic-

tion is established or admitted, it is established for the whole case, not just a portion of it.

Moreover, in *Messa v. Messa,* 110 Montg. L.R. 192 (1981), Judge Scirica held that in view of the trend toward using long-arm jurisdiction in matrimonial and support cases and in the absence of language in the Uniform Interstate and International Procedure Act (42 Pa.C.S. §5321 et. seq.) excluding its application to a divorce action, there is no reason why this act should not be available to a plaintiff in a divorce case instituted in Pennsylvania. As the *Messa* court stated:

"The Divorce Code is silent on the question of in personam jurisdiction over a non-resident defendant for the purpose of determining certain property rights between the spouses. The intent of the Divorce Code, however, is to extend the jurisdiction of Pennsylvania courts over non-resident defendants to the fullest extent permitted by the Constitution of the United States." *Id.* at 197.

Likewise; this court believes that the Uniform Interstate and International Procedure Act speaks to issues of support in the context of the present case.

The minimum contacts standard established in *International Shoe Company v. Washington,* 326 U.S. 310 (1945), remains in full effect today; all assertions of state court jurisdiction must be evaluated under its strictures. See also, *Shaffer v. Heitner,* 433 U.S. 186 (1977). The minimum contacts concept provides the constitutional basis for long-arm jurisdiction statutes. In order to confer long-arm personal jurisdiction over non-residents, the Commonwealth adopted the Uniform Interstate and International Procedure Act. As the *Messa* court stated: "Absent any language in the act expressly excluding its application to a divorce action and in consideration of this trend and the progressive ap-

proach of the Divorce Code, we see no reason why the long-arm act should not be available to a plaintiff in a divorce action." *Messa* at 199.

Defendant, in the matter at hand, enjoyed the rights and protections of Pennsylvania, and the matrimonial state, while he resided here. The acts that gave rise to the cause of action in divorce occurred within this state. Additionally, under section 5322(a)(5) of the act, having an interest in, using or possessing real property in Pennsylvania is a sufficient basis on which a court of this Commonwealth may exercise its powers of in personam jurisdiction. In the present case, defendant owns a house and a parcel of real estate in Sayre, Bradford County, Pennsylvania. We believe that this ownership constitutes an interest in real property sufficient to confer jurisdiction.

Moreover, section 5322(b) of the act provides that jurisdiction may be based on the most minimum contact with Pennsylvania allowed under the Constitution of the United States. This section of the act incorporates the minimum contacts concept established in *International Shoe,* and allows an additional prong on which to base in personam jurisdiction over non-resident defendants. In the present case, the parties lived in Pennsylvania during the course of their marriage up to the point of separation. In addition, the minor child resulting from this marriage was born and raised in Pennsylvania. Consequently, although Pennsylvania has not adopted a precise provision granting long-arm jurisdiction in domestic relations matters, the court finds that it has personal jurisdiction over matters of support in this case, because the marital domicile establishes sufficient minimum contacts in Pennsylvania to confer jurisdiction under 42 Pa.C.S. §5321 et seq. and under due process.

370

## CONCLUSION

Defendant admits that this court has personal jurisdiction over him for all aspects of this divorce case except for support. However, once personal jurisdiction is established for a case, it is established for the whole case. In addition, nothing in RURESA (23 Pa.C.S. §4510) states that it is the exclusive method of conferring or controlling orders of support. Finally, the language of the Uniform Interstate and International Procedure Act (42 Pa.C.S. §5321 et. seq.) indicates that this act should be available to a plaintiff in a divorce action commenced in Pennsylvania, and grants jurisdiction to a Pennsylvania court if the defendant has minimum contacts with the Commonwealth. In light of the factual circumstances of this case, the court believes that it has jurisdiction over the spousal and child support issue.

For the foregoing reasons, the court enters the following

## ORDER OF COURT

And now, April 19, 1991, in accord with the opinion filed this date, defendant's preliminary objections filed in the above matter are overruled and dismissed.